CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

5/23/2023

LAURA A. AUSTIN, CLERK
BY:  s/ CARMEN AMOS
       DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

| | | |
|---|---|---|
| **ANTHONY SMITH,** | ) | |
| *Plaintiff* | ) | |
| | ) | |
| **v.** | ) | **CASE NO.   6:23CV00030** |
| | ) | |
| **CENTRA HEALTH, INC.** | ) | |
| | ) | |
| **and** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **WESLEY THOMAS GILLESPIE** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **CHRISTOPHER PAUL JONES,** | ) | |
| *Defendants.* | ) | |

**COMPLAINT**

Plaintiff Anthony Smith ("SMITH"), by the undersigned attorney, makes the following averments:

**NATURE OF THE CASE**

1. This action, after previously being filed and voluntarily dismissed without prejudice, arises from the unlawful assault, battery, false arrest of SMITH in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 by defendants Wesley Thomas Gillespie ("GILLESPIE") and Christopher Paul Jones ("JONES"), who used objectively unreasonable force against SMITH on February 24, 2018 at Lynchburg General Hospital.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over the subject matter of federal claims asserted in this action pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over the state claims asserted in this action pursuant to 28 U.S. Code § 1367.

4. Venue is proper in this district under 28 U.S.C. §1391(b), because each of the defendants is a resident of the Western District of Virginia and because all of the events or omissions giving rise to the claim occurred in the Western District of Virginia pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff Anthony Smith ("SMITH") was, on February 24, 2018, a patient at Lynchburg General Hospital and is a resident of Lynchburg, Virginia.

6. Defendant Centra Health, Inc. ("CENTRA") owns and operates Lynchburg General Hospital in the city of Lynchburg, Virginia.  CENTRA is a non-stock corporation with its headquarters and principal place of business located in Lynchburg.

7. Defendant Christopher Paul Jones ("JONES") was a security guard employed by Centra Health, Inc. on February 24, 2018.

8. Defendant Wesley Thomas Gillespie ("GILLESPIE") was a security guard employed by Centra Health, Inc. on February 24, 2018.

## FACTS COMMON TO ALL COUNTS

9. In late February, 2018, Plaintiff Anthony Smith ("SMITH") began suffering from extreme abdominal pain due to a severe hernia.

10. SMITH is a peaceful and respectable gentleman who had an unblemished 18 year record

-2-

of employment as a supervisor at the Lynchburg Adult Detention Center.

11. SMITH reported to the Emergency Room of Lynchburg General Hospital several times on successive days before February 24, 2018, and each time he was sent home without a proper diagnosis of his condition and without any treatment of it.  His condition worsened every day.

12. After repeated visits to the Emergency Room at Lynchburg General Hospital, SMITH was eventually diagnosed with a severe hernia that required emergency surgery.

13. SMITH was admitted to Lynchburg General Hospital where he was treated with emergency surgery to repair the hernia.

14. On February 24, 2018, during post-operative recovery from the emergency surgery, SMITH suffered morphine-induced delirium (morphine administered by staff at the hospital) and he became disoriented and delusional.

15. While in the the state of delusion and disorientation from morphine-induced delirium, SMITH wandered from his hospital bed and into other areas of the hospital.  SMITH was completely disconnected from reality due to the effect of the morphine.

16. SMITH was dressed in a hospital gown and was bandaged.  He was obviously a patient of the hospital.

17. SMITH did not pose an immediate risk of harm to himself or others at any time relevant to this complaint.

18. When JONES encountered SMITH in the stairwell, SMITH took a defensive position at the top of the stairwell and did not advance toward JONES or any other person.

-3-

19. Instead, JONES, acting in concert with a Lynchburg Police Department officer, moved on SMITH by ascending the stairwell.

20. Defendant JONES unlawfully assaulted, battered and falsely imprisoned plaintiff SMITH while he was delusional and disoriented.

21. JONES deployed a Taser against the plaintiff, causing SMITH to fall to the floor and to incur severe physical and mental injuries.  His sutures ruptured, as did his hernia.

22. SMITH was empty-handed when JONES deployed the Taser against him.  SMITH dropped an IV pole he was carrying before JONES deployed the Taser against him.

23. SMITH required treatment and further surgery as a result of the injuries he suffered due the assault and battery by JONES.  He will require more surgery in the future because of the injuries he sustained in the assault and battery by JONES.

24. SMITH suffers permanent and debilitating physical and mental injuries as a result of the assault and battery by JONES.  He is permanently disfigured because of the assault and battery.

25. SMITH lost both his job and also substantial retirement benefits as result of the assault and battery by JONES, because the injuries they inflicted upon him rendered him unable to work.

26. The use of the Taser against Smith was not reasonably likely to cure any safety risk. Indeed, it severely injured SMITH.

27. The CENTRA security guards had other means available to assist SMITH without deploying a Taser against him, including:

- Waiting for backup

- Retreating from the stairwell to allow SMITH to descend the stairs and to exit the stairwell safely.

28. After being assaulted and battered by JONES, SMITH was detained and physically restrained.

29. While SMITH was detained and physically restrained, GILLESPIE came to his room and threatened and harassed SMITH, thereby causing SMITH severe emotional distress.

30. While SMITH, suffering from lingering morphine-induced delirium, was writhing in pain and handcuffed to a bed and only partially conscious, GILLESPIE threatened to take SMITH to jail and have him charged, thereby causing SMITH intolerable emotional distress.

31. JONES and GILLESPIE were acting within the scope of their employment by CENTRA. when they injured SMITH on February 24, 2018.

32. JONES and GILLESPIE were acting under the color of state law when they injured SMITH because they were acting in concert with and under the direction and supervision of at least one Special Conservator of the Peace who was appointed upon the petition of CENTRA by the Lynchburg Circuit Court.

33. CENTRA maintained unconstitutional policies or customs that were used by the other defendants when they injured plaintiff Anthony Smith on February 24, 2018.

34. By custom or policy, CENTRA armed its security guards with Tasers.

35. By custom or policy, CENTRA unconstitutionally permitted its security guards to deploy Tasers against individuals who did not pose an immediate threat of harm to anyone.

36. "Taser" is the brand name of an electrically conducted weapon.

37. Tasers are dangerous weapons that are designed and intended to physically incapacitate a subject. Tasers can cause excruciating pain and death.

38. When a Taser is deployed against a standing subject, it is almost certain that the subject will fall and it is extremely likely that the subject will be injured.

39. CENTRA unconstitutionally permitted its security guards to use objectively unreasonable force against patients on multiple occasions:

   ○ On January 11, 2016, CENTRA armed one of its security guards (GILLESPIE) with a pistol, which GILLESPIE used to shoot a psychiatric patient in the back.

   ○ On February 4, 2016, Centra permitted its armed officers to chase down a individual off hospital grounds and to deploy a Taser against that individual when the individual did not pose any risk or threat of harm to anyone.

   ○ On May 18, 2018, CENTRA security guards deployed a Taser against a young man in the Emergency Room at Lynchburg General Hospital when that young man did not pose a threat of immediate harm to anyone.

40. CENTRA has recently and repeatedly been found by the federal government to have violated patients rights by use of unlawful restraint. These violations are matters of public record.

41. CENTRA failed to properly train its security guards in the constitutional limits of their authority.  The officers lack training in dealing with psychotic or delusional patients and the need for this training, in the context of a hospital setting, is plainly obvious.

42. The need for any entity to train security guards in the constitutional limits of deadly weapons, including Tasers, is plainly obvious.

43. The defendants violated the plaintiff's liberty and due process rights under the Fourth and Fourteenth Amendments to the United States Constitution, thereby subjecting themselves to liability under 42 U.S.C. § 1983.

44. Plaintiff is entitled to recover his reasonable attorney fees and costs pursuant to 42 U.S.C. 1988.

**FIRST CAUSE OF ACTION**

*MONNELL* CLAIM - UNCONSTITUTIONAL POLICES OR CUSTOMS THAT DIRECTLY CAUSED HARM TO PLAINTIFF SMITH

AGAINST CENTRA HEALTH, INC.

**[42 U.S.C. § 1983]**

45. All previous paragraphs of this complaint are incorporated herein by reference and are re-alleged as if restated.

46. CENTRA maintained unconstitutional policies that were clearly and deliberately indifferent to the rights of patients or others.

47. Indeed, Centra maintained its unconstitutional policy or custom of permitting its security guards to use Tasers for mere apprehension or compliance, even after it was joined in litigation over the issue in 2016 in this Court.

48. In *Estate of Armstrong v. Village of Pinehurst*[1], the Fourth Circuit clearly prohibited the use of Tasers against subjects that do not pose an imminent threat of harm:

> A taser, like "a gun, a baton, . . . or other weapon," is expected to inflict pain or injury when deployed. It, therefore, may only be deployed when a police officer is confronted with an exigency that creates an immediate safety risk and that is reasonably likely to be cured by using the taser….
>
> ...Where, during the course of seizing an out-numbered mentally ill individual who is a danger only to himself, police officers choose to deploy a taser in the face of stationary and non-violent resistance to being handcuffed, those officers use unreasonably excessive force. While qualified immunity shields the officers in this case from liability, law enforcement officers should now be on notice that such taser use violates the Fourth Amendment.

49.  In utter defiance of the Fourth Circuit, CENTRA continued to permit its security guards, acting at the behest of, or in concert with, Special Conservators of the Peace who in turn acted under the color of state law, to deploy Tasers against subjects who either posed no harm at all or who posed only harm to themselves and who faced even greater harm from the use of a Taser.  This allowed CENTRA security guards to use objectively unreasonable and excessive force under the color or state law.

50. JONES was acting in accordance with CENTRA'S unconstitutional policy or custom when he deployed a Taser against SMITH.

51. The application of CENTRA'S unconstitutional policy or custom of permitting its security guards to use unreasonable and clearly excessive force was a direct and proximate cause of SMITH'S injuries.

---

[1]   810 F.3d 892 (4th Cir. 2016)

## SECOND CAUSE OF ACTION

### *MONELL* CLAIM  -  DELIBERATELY INDIFFERENT FAILURE TO TRAIN ITS SECURITY GUARDS IN THE CONSTITUTIONAL LIMITS OF THEIR AUTHORITY DEFENDANT CENTRA HEALTH, INC.

### [42 U.S.C. § 1983]

52. All previous paragraphs of this complaint are incorporated herein by reference and are re-alleged as if restated.

53. CENTRA has acknowledged that:

    ○ A security guard deployed the Taser to detain SMITH.

    ○ The guard deployed the Taser against SMITH to prevent SMITH from entering other areas of the hospital.

54. It is unconstitutional to detain anyone with a Taser, unless the subject poses a threat of harm.  A Taser is only to be used to prevent immediate harm and then only when it is reasonable to believe the Taser will prevent harm, instead of causing it, as it did here.

55. It is also unconstitutional to deploy a Taser against a trespasser merely to prevent him from trespassing.

56. Any reasonably trained security guard would know that it is objectively unreasonable to deploy a Taser against a standing, delirious post-operative patient and any properly trained security guard would also know that deploying a Taser against such a subject would almost certainly cause serious harm to the subject.

57. The Fourth and Fourteenth Amendments to the United States Constitution provide clearly established protected rights to all persons, including, but not limited to:

○ Freedom from unreasonable seizure and excessive force.

○ Freedom from the deprivation of liberty and property without due process of law

58. The need to train officers in the constitutional limitations on the use of conducted electrical weapons and batons is so obvious that that CENTRA'S failure to do is properly characterized as "deliberate indifference" to constitutional rights.  See, e.g., *City of Canton, Ohio v. Harris,* 489 U.S. 378 (1989)

59. CENTRA'S failure to train its security guards was a direct and proximate cause of SMITH'S injuries.

**THIRD CAUSE OF ACTION**

***MONELL* CLAIM -  DELIBERATELY INDIFFERENT FAILURE TO DISCIPLINE ITS SECURITY GUARDS IN THE CONSTITUTIONAL LIMITS OF THEIR AUTHORITY DEFENDANT CENTRA HEALTH, INC.**

**[42 U.S.C. § 1983]**

60. All previous paragraphs of this complaint are incorporated herein by reference and are re-alleged as if restated.

61. Upon information and belief, CENTRA did not discipline JONES or GILLESPIE for the unconstitutional use of force against SMITH.

62. CENTRA routinely fails to discipline its security guards who use unlawful force.

63. In 2016, several of CENTRA's security guards assaulted Tershaud Rose on a public street with a Taser without probable cause or other justification and none of these security guards were disciplined.

64. Also in 2016, GILLESPIE shot Jonathan Warner with a pistol in a psychiatric unit at

Lynchburg General Hospital when Warner posed no immediate danger, and GILLESPIE was never disciplined for this unlawful use of force.

65. The need to discipline security guards who violated the constitutional rights of others is obvious.

66. CENTRA acted either willfully, or with deliberate indifference to the constitutional rights of others, in failing to discipline its security guards who used unlawfully excessive force.

67. CENTRA's willful or deliberately indifferent failure to discipline security guards for using unlawfully excessive force was as a moving force and a direct and proximate cause of SMITH's injuries.

**FOURTH CAUSE OF ACTION**

***MONELL* CLAIM - RATIFICATION**

**DEFENDANT CENTRA HEALTH, INC.**

**[42 U.S.C. § 1983]**

68. All previous paragraphs of this complaint are incorporated herein by reference and are re-alleged as if restated.

69. Upon information and belief, CENTRA conducted an investigation into the use of force against SMITH by JONES and GILLESPIE.

70. Upon information and belief, CENTRA determined that SMITH and JONES acted lawfully and appropriately when they used force against SMITH.

71. Thus, CENTRA ratified the unconstitutional use of force against SMITH by JONES and GILLESPIE.

72. CENTRA's ratification of the unconstitutional use of force against SMITH by JONES

and GILLESPIE was a moving force behind SMITH's injuries.

**FIFTH CAUSE OF ACTION**

**EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH
AMENDMENTS TO THE UNITED STATES CONSTITUTION**

**DEFENDANT CHRISTOPHER PAUL JONES**

**[42 U.S.C. § 1983]**

73. All previous paragraphs of this complaint are incorporated herein by reference and are re-
alleged as if restated.

74. The Fourth and Fourteenth Amendments to the United States Constitution prohibit the
application of unreasonable force against individuals who have been seized under the
color of state law.

75. JONES, acting under color of state law, applied objectively unreasonable and excessive
force while unlawfully detaining and arresting SMITH on February 24, 2018.   In
analyzing the factors enunciated in *Graham v. Connor[2]*, when JONES used force against
SMITH, (i) SMITH had not committed any crime, nor was he suspected of having
committed any crime, (ii) SMITH did not pose a danger to himself or others nor had he
harmed himself or anyone else and nor had he threatened to harm himself or anyone else.

76. "[L]aw enforcement officers should now be on notice that such taser use violates the
Fourth Amendment."  *Estate of Armstrong v. Village of Pinehurst,, supra*

77. The use of objectively unreasonable and excessive force by JONES was a direct and
proximate cause of SMITH'S injuries.

---

[2]    490 U.S. 386, 109 S. Ct. 1865; 104 L. Ed. 2d 443; 1989 U.S. LEXIS 2467; 57 U.S.L.W. 4513

## SIXTH CAUSE OF ACTION

### COMMON LAW ASSAULT AND BATTERY

### DEFENDANTS CENTRA HEALTH, INC. AND CHRISTOPHER PAUL JONES

### [VIRGINIA COMMON LAW CLAIM]

78. All previous paragraphs of this complaint are incorporated herein by reference and are re-alleged as if restated.

79. JONES, without legal justification, intentionally placed SMITH in reasonable apprehension of imminent physical harm when, acting in concert, they threatened to use force against SMITH.

80. JONES intentionally touched SMITH, with the intent to cause harm or offense to SMITH on February 24, 2018 by acting in concert to deploy a Taser against him.

81. SMITH did not consent to being touched by JONES on February 24, 2018.

82. JONES was not justified in touching SMITH on February 24, 2018.

83. CENTRA is vicariously liable for the actions of JONES because he was acting within the scope of their employment by CENTRA when he battered SMITH.

84. SMITH suffered serious, permanent and extensive injuries as a result of being battered by JONES on February 24, 2018, including (i) rupture of his hernia, (ii) contusions to his face, back, legs and arms, (iii) medical expenses, (iv) excruciating pain, (v) embarrassment, (vi) humiliation, (vii) extreme mental anguish, (viii) permanent disfiguration, (ix) loss of mobility and (x) loss of employment (including wages and benefits).

85. SMITH is entitled to recover damages, including compensatory and punitive damages,

from CENTRA and JONES for the injuries he sustained as a result of battery on February 24, 2018.

## SEVENTH CAUSE OF ACTION
### FALSE IMPRISONMENT
### ALL DEFENDANTS
### [VIRGINIA COMMON LAW CLAIM]

86. All previous paragraphs of this complaint are incorporated herein by reference and are re-alleged as if restated.

87. SMITH alleges common law false imprisonment by CENTRA, JONES and GILLESPIE

88. SMITH was detained and physically restrained by CENTRA and its employees on February 24, 2018 when there was not legal justification for doing so.

89. While handcuffed to his bed, SMITH was questioned by GILLESPIE who also threatened him with arrest and criminal prosecution without basis.

90. GILLESPIE unlawfully continued to restrain SMITH when there was no legal basis for doing so.

91. SMITH  suffered injuries as a result of being falsely imprisoned by CENTRA, JONES and GILLESPIE on February 24, 2018, including (i) loss of liberty, (ii) isolation, (iii) loss of income, (iv) depression, (v) embarrassment, (vi) humiliation, (vii) severe mental anguish and (viii) damage to reputation.

## EIGHTH CAUSE OF ACTION
## NEGLIGENCE – MEDICAL MALPRACTICE
## DEFENDANT CENTRA HEALTH, INC.
## [VIRGINIA COMMON LAW CLAIM]

92. All previous paragraphs of this complaint are incorporated herein by reference and are re-alleged as if restated.

93. CENTRA had a duty of care to SMITH to ensure that he remained safe after surgery.

94. By action of its employees or agents, acting within the scope of their employment, CENTRA breached its duty to SMITH by allowing him to leave his post-surgical care in a delusional state to wander through the halls and stairwells of the hospital and by using security personnel to deploy weapons to secure him.

95. The breach of this duty violated the acceptable standard of care, under statewide and local standards, owed to a patient in a hospital located in Lynchburg, Virginia.

96. CENTRA'S breach of its duty of care to SMITH was a direct and proximate cause of SMITH'S injuries.

97. CENTRA is liable to SMITH for its negligence and, by the doctrine of *respondeat superior*, for negligence of its employees in causing SMITH's injuries.

98. SMITH is entitled to recover damages and costs from CENTRA or the injuries he sustained as a result of negligence on February 24, 2018.

## NINTH CAUSE OF ACTION

### NEGLIGENCE

### DEFENDANTS CENTRA HEALTH, INC AND CHRISTOPHER PAUL JONES
### [VIRGINIA COMMON LAW CLAIM]

99. All previous paragraphs of this complaint are incorporated herein by reference and are re-alleged as if restated.

100.    JONES was acting within the scope of his employment by CENTRA when he deployed the Taser against SMITH.

101.    JONES was not a health care provider.

102.    JONES was not acting under the direction of a health care provider when he made the decision to deploy the Taser against SMITH.

103.    CENTRA and JONES had a common law duty to care for SMITH.

104.    JONES knew that SMITH was a patient and that SMITH was delusional.

105.    JONES had time to call for assistance in securing SMITH, but did not do so.

106.    JONES breached his duty of care to SMITH by deploying a Taser against him, instead of simply securing him.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff ANTHONY SMITH, prays that this Court enter judgment in his favor and against the defendants on each of the above causes of action, and further prays for:

A)  An award of his actual damages as appropriate to the proof at trial.

B)  Punitive damages as appropriate to the proof at trial.

C)  Recovery from the defendant of the reasonable attorney fees and costs incurred in

bringing this action.

D)  Such additional and other relief as the Court deems appropriate, including, but not limited

to, injunctive, prospective, declaratory or other equitable relief.

**A JURY TRIAL IS DEMANDED**

Respectfully submitted,

**ANTHONY SMITH**
**By Counsel**

By:   **/s/ M. Paul Valois___**
**M. Paul Valois (VSB No. 72326)**
**Counsel for Plaintiff**
**JAMES RIVER LEGAL ASSOCIATES**
**7601 Timberlake Road**
**Lynchburg, Virginia 24502**
**Telephone: (434) 845-4529**
**Facsimile: (434) 845-8536**
**[Email: mvalois@vbclegal.com]**