## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | | |
|---|---|---|
| **ANTHONY SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 6:23-cv-00030** |
| | ) | |
| **CENTRA HEALTH, INC.,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANT CENTRA HEALTH INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

Defendant Centra Health, Inc. ("Centra") submits this Motion to Dismiss portions of Plaintiff Anthony Smith's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  As set forth below, Counts 3, 4, and 8 of Plaintiff's Complaint should be dismissed because they are plainly time-barred.  Additionally, Count 4 should be dismissed for the alternative reason that it is based on Centra's alleged conduct after the event in question and therefore cannot be the basis for Plaintiff's claimed constitutional violation.

## BACKGROUND

Plaintiff's allegations of wrongdoing relate to a taser being used to subdue him on February 24, 2018.  (Compl. ¶¶ 11–21, Dkt. No. 1.)  Plaintiff had surgery at Lynchburg General Hospital and, according to the complaint, Plaintiff "suffered morphine-induced delirium . . . and he became disoriented and delusional" and "wandered from his hospital bed and into other areas of the hospital."  *Id*. ¶¶ 13–15.  Plaintiff was subdued with a taser by Defendant Christopher Jones.  *Id*. ¶ 21.  Thereafter, Defendant Wesley Gillespie allegedly "threatened and harassed" Plaintiff while he was physically restrained.  *Id*. ¶ 29.

Plaintiff filed suit on February 21, 2020 in state court, and the case was thereafter removed to this Court. *See Smith v. Centra Health Inc., et al.*, Case No. 6:20-cv-00016 (W.D. Va.) ("*Smith I*"). After significant motions practice and discovery, Plaintiff voluntarily dismissed this suit less than three months before trial last year, on August 23, 2022. *Id*. at Dkt. No. 81. He filed this new lawsuit on May 23, 2023. It contains substantially identical factual allegations to the earlier filed suit but includes three new claims against Centra: Count 3 (*Monell* § 1983 Claim – Deliberately Indifferent Failure to Discipline Its Security Guards in the Constitutional Limits of Their Authority); Count 4 (*Monell* § 1983 Claim – Ratification); and Count 8 (Negligence).

Centra moves to dismiss Counts 3, 4, and 8 for the reasons stated below.

## ARGUMENT

### I.  Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." A complaint must be dismissed if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. While the allegations contained in a plaintiff's complaint must be viewed in the light most favorable to the plaintiff, courts need not credit conclusory legal terms and allegations that are not reasonably supported by factual allegations. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009); *Taubman Realty Group Ltd. P'ship v. Mineta*, 320 F.3d 475, 479 (4th Cir. 2003). Thus, it is appropriate for courts to "disregard any arguments or conclusions of law masquerading as facts," and refuse to "accept … unwarranted deductions of fact, or unreasonable inferences." *United States v. Rosen*, 487 F. Supp. 2d 721, 724 n.4 (E.D. Va. 2007).

Similarly, courts should not accept "conclusory factual allegations devoid of any reference to actual events." *Switzer v. Thomas*, 2013 WL 693090, at *2 (W.D. Va. 2013) (citing *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979)); see also *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002).

## II.   Plaintiff's Claims for Failure to Discipline, Ratification, and Negligence are Time-Barred

Plaintiff's failure to discipline (Count 3), ratification (Count 4), and negligence (Count 8) claims are barred by the applicable statute of limitations.  In considering a statute of limitations defense at the motion to dismiss stage, a Court may consider both the allegations on the face of the complaint and information in the public record about which the Court may take judicial notice. *See Azima v. Del Rosso*, 2021 WL 5861282, *2–3 (M.D.N.C. 2021) (collecting cases and noting that in addition to information on the face of the complaint, "the Court may also consider information in the public record when reviewing a motion to dismiss" on statute of limitations grounds) (quotations and citations omitted).

The statute of limitations for a § 1983 claim and a negligence claim in Virginia is two years.  *See Jackson v. Whited*, 2023 WL 4697104, *3 n.3 (W.D. Va. 2023) ("Virginia's two-year statute of limitations period for personal injury claims governs 42 U.S.C. § 1983 actions, including any state tolling rules."); *Laws v. McIlroy*, 283 Va. 594, 599 (2012) ("[Plaintiffs'] negligence actions are governed by the two-year statute of limitations for personal injuries.").

The incident on which Plaintiff bases his claims occurred on February 24, 2018.  Plaintiff filed his initial complaint in state court on February 21, 2020, three days before the expiration of the limitations period.  At the hearing on Plaintiff's motion to stay on August 18, 2022 (*see Smith I*, Dkt. No. 79), the parties agreed that if Plaintiff voluntarily dismissed his suit, the statute of limitations clock would be tolled for nine months from the entry of the dismissal order.  The

dismissal order was entered on August 23, 2022, and accordingly the statute of limitations was tolled until May 23, 2023. *See id.* Dkt. No. 81, Order attached as Exhibit 1.

The three new claims, however, are time barred. They were not pending when the case was voluntarily dismissed, and the statute of limitations period had long since expired. Plaintiff cannot now try to revive these time-barred claims, and they should be dismissed.

The only memorialization of any tolling agreement for the dismissed claims appears in the email exchange attached as Exhibit 2. In that exchange, Plaintiff's counsel proposed three enumerated terms for the Rule 41 stipulation of dismissal the parties had discussed earlier that day: "1. We adopt all discovery requests and responses to date (subject to supplementation). 2. Toll statute of limitations for 9 months after date of entry of dismissal order (this is actually less than I think I have remaining, after looking at the dates). 3. Refile in VAWD Lynchburg division." *See* Exhibit 2. Counsel for the individual defendants responded that the "terms are agreeable with my camp" and Centra's counsel responded "Centra agrees as well." *Id.* The parties then filed a stipulation of voluntary dismissal that was silent as to any tolling agreement but stated that "The Parties further stipulate and agree that Plaintiff can only refile this action or any claims herein in the Western District of Virginia, Lynchburg Division." *See Smith I*, Dkt. No. 81.

The stipulation of dismissal did not contemplate any new claims being filed, and the parties' memorialization of their agreement did not involve any agreement to toll the statute of limitations for new claims. And while Plaintiff's counsel did state in his email exchange that "If I have to refile I will need to add a ratification count to the Monell claim," *see* Exhibit 2, this was

not one of the enumerated terms the parties agreed to, and the email is silent about a failure to discipline claim.[1]

Simply put, it is clear from the face of the complaint and Court records that Plaintiff's new claims are time-barred.  Neither the stipulation of dismissal, the parties' email correspondence, nor any spoken agreement at the hearing on August 18, 2022 demonstrates the parties agreed to toll any statutes of limitations on new claims that were not part of the first lawsuit, and the stipulation of dismissal expressly contemplates the refiling of only the existing claims.  Counts 3, 4, and 8 should therefore be dismissed.

## II.     Plaintiff's Ratification Claim Should Be Dismissed

Count 4 also fails to state a claim because it is based entirely on Centra's alleged actions *after* the alleged constitutional violation—the tasing and alleged harassment of Plaintiff on February 24, 2018.  For an entity to be subject to § 1983 liability for ratification, its actions must have been "the moving force behind the injury alleged." *Riddick v. Sch. Bd. of City of Portsmouth*, 238 F.3d 518, 524 (4th Cir. 2000) (quotations omitted) (citing *Bd. of Cty. Commissioners of Bryan Cty. Oklahoma v. Brown*, 520 U.S. 397, 404 (1997)).  In other words, "a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Bryan Cty.*, 520 U.S. at 404. For that reason, it is well settled that "[t]he alleged failure to take action after an alleged constitutional violation does not cause or contribute to such violation or otherwise provide a basis for liability." *Carter v. Collins*, 2023 WL 3871718, *2 (W. D. Va. 2023) (dismissing

---

[1] Plaintiff's counsel's email contemplates a potential claim for medical malpractice but does not expressly reserve a right to file one in the enumerated terms. Moreover, while Plaintiff styles Count 8 as "Negligence - Medical Malpractice" the allegations in support of that claim read more like a garden variety negligence claim, as opposed to a claim for medical malpractice.

§ 1983 claim for failure to investigate an alleged use of excessive force that had previously occurred).

Here, Plaintiff's ratification claim is based solely on Centra's alleged actions after the incident on February 24, 2018.  Plaintiff alleges that after that incident, Centra conducted "an investigation into the use of force against SMITH by JONES and GILLESPIE" and "determined that SMITH [*sic*] and JONES acted lawfully and appropriately when they used force against SMITH." (Compl. ¶¶ 69–70.) Plaintiff alleges that Centra therefore "ratified the unconstitutional use of force against SMITH by JONES and GILLESPIE," which was a "moving force behind SMITH's injuries."  (*Id.* ¶¶ 71–72.)[2]

Plaintiff provides only a conclusory assertion, not based upon any factual allegations, that Centra's actions were a "moving force" behind Plaintiff's injuries.  These allegations, even accepted as true, cannot provide a basis for liability against Centra because all of them occurred after February 24, 2018 and therefore could not have been the required moving force behind Plaintiff's alleged constitutional violations.  Thus, Count IV should be dismissed.[3]

The Fourth Circuit's recent opinion in *Starbuck v. Williamsburg James City Cnty. Sch. Bd*, 28 F.4th 529 (4th Cir. 2022), does not preclude dismissal of the ratification claim.[4]  In *Starbuck*,

---

[2] Despite these allegations, Plaintiff does not anywhere allege that Defendant Gillespie used force against him in any manner.  He alleges only that Defendant Gillespie "threatened and harassed" Plaintiff by threatening to take him to jail and have him charged and thus caused him "intolerable emotional distress."  (Compl. ¶¶ 29–30.)

[3] For these same reasons, Plaintiff's failure to discipline claim (Count 3) must fail to the extent it is based on Centra's alleged failure to discipline the individual defendants for the use of force against Plaintiff, because any such failure to discipline could not have been a moving force behind the use of force itself.  (*See* Compl. ¶ 61 ("Upon information and belief, CENTRA did not discipline JONES or GILLESPIE for the unconstitutional use of force against SMITH.")).

[4] Centra acknowledges that this Court has relied on *Starbuck* at least twice to deny motions to dismiss § 1983 ratification claims.  *See Wesley v. City of Lynchburg*, 2023 WL 3550290 (W.D. Va. 2023); *Hicks v. City of Lynchburg*, 2022 WL 1750468 (W.D. Va. 2022).  But whatever the

the Fourth Circuit reversed a district court's dismissal of a complaint by a student who alleged a *Monell* § 1983 claim for violation of his first amendment rights after he was suspended from school for comments he made after a mass school shooting.  *Id*. at 531–32.  On the day he made his comments, he was removed from classes and informed that he faced a two-day out of school suspension.  *Id*. at 532.  Thereafter, he submitted a written notice of appeal to the defendant school board, which reviewed and upheld the suspension after his appeal.  *Id*.  In finding that the student had stated a § 1983 ratification claim against the school board, the court noted that the alleged constitutional violation was the punishment of protected speech by means of the school suspension, *id*. at 535, over which Virginia school boards, including the defendant board, have "the final 'say-so'."  *Id*. at 533.

Thus, the court observed that under Plaintiff's theory of liability, "only because the School Board upheld the suspension does it remain on his permanent record."  *Id*. at 535.  In other words, because the school board could have prevented the alleged constitutional violation by reversing the decision to suspend the student rather than affirming it, the school board's "approval of a suspension" exposed it to ratification liability under § 1983.  *Id*. at 536.  And on that basis, the Court explained that "being the 'moving force' does not necessitate that a plaintiff allege that the Board have knowledge of, or involvement in, the alleged constitutional violation from the outset."  *Id*. at 535.

---

allegations in those cases were, Plaintiff's ratification allegations in this case do not come close to showing the involvement in the alleged constitutional violation itself that *Starbuck* requires. Centra respectfully suggests that *Starbuck* does not stand for the proposition that any allegations of ratification following a discrete alleged constitutional violation are sufficient to plead the required causal link between the entity's alleged conduct and alleged constitutional violation.  *See Bryan Cty.*, 520 U.S. at 404.

Plaintiff's ratification claim in this case is completely different from the claim that the Fourth Circuit reinstated in *Starbuck*.  Unlike in *Starbuck*, in which the school board had the power to *prevent* the alleged constitutional violation from occurring if only it had reversed the suspension, Centra's investigation and actions after the incident could not have prevented or otherwise affected the alleged discrete constitutional violations that occurred when Plaintiff was allegedly tased and threatened on February 24, 2018.  Plaintiff alleges that Centra unlawfully ratified the co-defendants' actions because it conducted an investigation after the incident and determined that they acted lawfully and appropriately.  (Compl. ¶¶ 69–70.)  But even if Centra had determined that the co-defendants had not acted appropriately or lawfully, such a determination would not have prevented the tasing on February 24, 2018.  This result stands in stark contrast to that in *Starbuck*, when a different conclusion by the school board could have negated any alleged constitutional violation against the student.

Therefore, while *Starbuck* makes clear that ratification liability can exist even when the defendant was not involved in the alleged constitutional violation from the start, it does not give a plaintiff a free pass to allege that any post-violation conduct amounts to unlawful ratification under § 1983.  Plaintiff must still "demonstrate a causal link" between the alleged ratification and the constitutional violation and show that the alleged ratification was a "moving force" behind his injuries.  *Bryan Cty.*, 520 U.S. at 404.

Plaintiff cannot do that here.   In this case, which involves discrete allegations of constitutional violations that began and ended on a single date, Centra's after the fact investigation cannot have caused or prevented any alleged violation of Plaintiff's constitutional rights and therefore does not give rise to a ratification claim, or a claim for failure to investigate the individual defendants' actions after February 24, 2018.

## CONCLUSION

For the foregoing reasons, Plaintiff's new claims against Centra are time-barred, and his ratification claim fails because it cannot have been the moving force behind the alleged violation of Plaintiff's constitutional rights.  Centra respectfully requests that the Court dismiss Counts 3, 4, and 8 of Plaintiff's complaint.

Dated: August 31, 2023

/s/ J. Benjamin Rottenborn
Elizabeth Guilbert Perrow (VSB No. 42820)
Daniel T. Sarrell (VSB No. 77707)
J. Benjamin Rottenborn (VSB No. 84796)
Jamie Wood (VSB No. 97297)
WOODS ROGERS VANDEVENTER BLACK PLC
P.O. Box 14125
Roanoke, VA 24038-4125
Phone: (540) 983-7600
Fax: (540) 983-7711
eperrow@woodsrogers.com
dsarrell@woodsrogers.com
ben.rottenborn@wrvblaw.com
jamie.wood@wrvblaw.com

*Counsel for Defendant Centra Health, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2023, a copy of the foregoing was filed on the Court's CM/ECF system which will send notice to all counsel of record:

/s/ J. Benjamin Rottenborn