IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| **ANTHONY SMITH,**  *Plaintiff* | : : : |
| v. | : CASE NO. 6:23-cv-00030 : |
| **CENTRA HEALTH, INC. et al,**  *Defendants*. | : : |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT CENTRA HEALTH INC'S RULE 12(b)(6) MOTION TO DISMISS**

COMES NOW the Plaintiff, by counsel, in opposition to the Rule 12(b)(6) motion to dismiss filed be Defendant Centra Health, Inc. ("Centra"), to-wit:

Centra concedes that the Complaint in the above-styled action was timely filed pursuant to the agreement of the parties that resulted in the voluntary dismissal of the original Complaint. Centra also concedes that the new Complaint alleges substantially the same facts as the original complaint. Thus, new claims based on those facts are permitted as long as they assert a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading. Rule 15(c)(1)(B)

The original Complaint, voluntarily dismissed, alleged negligence against Centra. In response, Centra, casting the negligence count as a medical malpractice claim, demanded certification pursuant to Virginia's medical malpractice statute. Thus, the newly filed Complaint contains counts for negligence (Count 9) and medical malpractice (Count 8), each based on the same facts alleged in the original Complaint, but based on different legal theories. Ultimately, the Court may be called upon to determine whether the facts of the case render it a malpractice claim, and if that happens, one of these claims may become superfluous, but until then, both counts are supported by the factual allegations (which Centra concedes are substantially the same

as alleged in the original Complaint).  Thus, Count 8 should not be dismissed because it states a plausible claim and it is timely

Similarly, Count 3 and Count 4 represent different legal theories of recovery, but are based on substantially the same facts alleged in the original Complaint and so these Counts were also timely.

The argument against ratification (Count 4) is also premature at this stage.  Certainly the facts alleged in the Complaint state a plausible ratification claim. Complaint ¶¶ 69, 70  . By its nature, a ratification theory of liability "presupposes that the initial complained-of conduct precedes involvement by the final policymaking authority." <u>Starbuck v. Williamsburg James City Cnty. Sch. Bd.</u>, 28 F.4th 529 (4th Cir. 2022)  In essence, ratification of a unconstitutional act after the fact by a final policymaker condones or establishes an unconstitutional policy or custom that was already at work in the organization.  Thus, ratification is merely recognition of such a policy or custom.  Of course, these kinds of policies and customs have always supported *Monell* claims.

For all of these reasons, Centra's motion to dismiss should be overruled.

Respectfully submitted,

ANTHONY SMITH
By Counsel

By: /s/ M. Paul Valois
      M. Paul Valois (VSB No. 72326)
      Counsel for Plaintiff
      JAMES RIVER LEGAL ASSOCIATES
      7601 Timberlake Road
      Lynchburg, Virginia 24502
      Telephone: (434) 845-4529
      Facsimile: (434) 845-8536
      [Email: mvalois@vbclegal.com]

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 14th day of Sepetember, 2023, I electronically filed the foregoing Memorandum with the Clerk of this Court using the CM/ECF system, which will automatically send notice of this filing to all counsel of record.

/s/ M. Paul Valois