IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| ANTHONY SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )   Case No. 6:23-cv-00030 |
| | ) |
| CENTRA HEALTH, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT CENTRA HEALTH INC.'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Plaintiff's opposition brief fails to rebut the two grounds for Centra's motion to dismiss. First, as to the statute of limitations, Federal Rule of Civil Procedure 15 does not apply to cases that have been dismissed. Therefore, while the parties agreed to toll the claims that existed in Plaintiff's complaint when he voluntarily dismissed his first lawsuit last summer, any new claims are now time-barred. Second, while ratification liability may exist in certain cases brought under 42 U.S.C. § 1983, any alleged ratification still must have been a cause of the Plaintiff's alleged constitutional violation. Here, Plaintiff's alleged injury pre-dated Centra's alleged actions in ratifying the individual defendants' conduct. Centra's actions therefore could not have reversed or prevented any alleged constitutional violation by the individual defendants and alleged ratification by Centra cannot possibly give rise to liability.

**I.     Plaintiff's New Claims are Time-Barred.**

At the hearing on Plaintiff's motion to stay his first lawsuit on August 18, 2022, the parties agreed to toll Plaintiff's claims for nine months if Plaintiff voluntarily dismissed his claims. *See Smith v. Centra Health Inc., et al.*, Case No. 6:20-cv-00016 (W.D. Va.) ("*Smith I*") (Dkt. Nos. 79, 81). The only claims, of course, for which the statute could be tolled were those existing in the

complaint. Other claims that were not in the operative complaint in *Smith I* were already time-barred at the time Plaintiff dismissed the first lawsuit.

For this reason, Plaintiff's new claims in this second lawsuit are time-barred. Counts 3, 4, and 8 were not pending when Plaintiff voluntarily dismissed the first lawsuit, and the statute of limitations period on these claims had long since expired. The stipulation of dismissal says nothing about a tolling agreement for unasserted claims. *Smith I*, Dkt. No. 81. In fact, while it does not address tolling at all, it makes clear that the only claims contemplated to be refiled were the claims in *Smith I*: "The Parties further stipulate and agree that Plaintiff can only refile this action or any claims herein in the Western District of Virginia, Lynchburg Division." *See Smith I*, Dkt. No. 81. Plaintiff cannot now try to assert new, time-barred claims, and such claims should be dismissed.

Contrary to Plaintiff's contention, Federal Rule of Civil Procedure 15(c)(1)(B) does not save his time-barred claims. That rule relates only to amendments of a pleading that is already on file and whether new claims relate back to the original pleading. It does not address the situation here, in which Plaintiff voluntarily dismissed his claims, the stipulation of dismissal addressed only the refiling of Plaintiff's existing claims, but Plaintiff then attempts to add several new claims that are plainly time-barred into a subsequent lawsuit. *See Jackson v. Whited*, 2023 WL 4697104, *3 n.3 (W.D. Va. 2023) (noting two-year statute of limitations for 42 U.S.C. § 1983 claims); *Laws v. McIlroy*, 283 Va. 594, 599 (2012) (noting two-year statute of limitations for negligence claims). The Court should dismiss Plaintiff's new claims.

## II. Plaintiff Has Failed to Plead the Requisite Causation for His Ratification Claim.

The Supreme Court has held unequivocally that a plaintiff in a § 1983 action "must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Bd. of Cnty. Comm'rs of Bryan Cnty. Okla. v. Brown*, 520 U.S. 397, 404 (1997). This is

why an entity may only be subject to liability for ratification if its actions were "the moving force behind the injury alleged." *See Riddick v. Sch. Bd. of City of Portsmouth*, 238 F.3d 518, 524 (4th Cir. 2000) (quotations omitted). An action or inaction that occurred after the alleged constitutional violation cannot have been the cause of that constitutional violation and therefore cannot be the basis for a § 1983 claim. *Carter v. Collins*, 2023 WL 3871718, at *2 (W.D. Va. June 7, 2023) ("The alleged failure to take action after an alleged constitutional violation does not cause or contribute to such violation or otherwise provide a basis for liability.")

Plaintiff's ratification claim fails for this very reason: his sole allegation of unlawful conduct is that, *after the night of the alleged constitutional violation*, Centra determined that the individual defendants had acted lawfully toward Plaintiff. Compl. ¶¶ 69–70. Plaintiff admits as much in his reply brief. (Dkt. No. 16, at 2.) Therefore, Centra's alleged ratification could not possibly have been the cause of the alleged constitutional violation on that date. And just as importantly, Centra's alleged ratification could not have prevented or undone the alleged effects of that alleged constitutional violation. Therefore, the allegations of ratification could not be the causal link or moving force behind the alleged constitutional violation that the Supreme Court and Fourth Circuit require. *See Brown*, 520 U.S. at 404; *Riddick*, 238 F.3d at 524.

Centra's opening brief explains why the Fourth Circuit's recent decision in *Starbuck v. Williamsburg James City Cnty. Sch. Bd.*, 28 F.4th 529 (4th Cir. 2022), does not alter this precedent. (*See* Dkt. No. 13, at 6–8.) Rather than address this argument, Plaintiff cherry picks the single line from *Starbuck* that a ratification claim "presupposes that the initial complained-of conduct precedes involvement by the final policymaking authority." *See Starbuck*, 28 F.4th at 535. But the Fourth Circuit made that observation in the context of the claim at issue in that case, in which a school board ratified a student's suspension—the constitutional violation in that case—by

denying his appeal. *See id.* Had the school board granted his appeal and reversed the suspension it would have eliminated the constitutional violation. *See id.* at 535 ("[O]nly because the School Board upheld the suspension does it remain on his permanent record"). Thus, while "initial involvement" by the final decisionmaking entity is not necessary for the ratification to have been the "moving force" behind the constitutional violation, the entity still must have some involvement in the underlying constitutional violation for a ratification claim to succeed. *See id.*

Here, Centra's alleged ratification conduct did not impact the underlying alleged constitutional violation whatsoever. Unlike the school board in *Starbuck*, which had the authority to undo the constitutional violation, Centra could not have undone any alleged constitutional violation through its actions or inactions after February 24, 2018, and therefore Centra's conduct had no involvement in the alleged constitutional violation. Plaintiff does not get a free pass to ignore the requirement of causation in § 1983 claims. Because he cannot plead that Centra's alleged ratification caused his injuries, his ratification claim, and his failure to discipline claim to the extent it relies on post-incident conduct, should be dismissed.

Dated: September 21, 2023

/s/ J. Benjamin Rottenborn
Elizabeth Guilbert Perrow (VSB No. 42820)
Daniel T. Sarrell (VSB No. 77707)
J. Benjamin Rottenborn (VSB No. 84796)
Jamie Wood (VSB No. 97297)
WOODS ROGERS VANDEVENTER BLACK PLC
P.O. Box 14125
Roanoke, VA 24038-4125
Phone: (540) 983-7600
Fax: (540) 983-7711
eperrow@woodsrogers.com
dsarrell@woodsrogers.com
ben.rottenborn@wrvblaw.com
jamie.wood@wrvblaw.com

*Counsel for Defendant Centra Health, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 21, 2023, a copy of the foregoing was filed on the Court's CM/ECF system which will send notice to all counsel of record:

      /s/ J. Benjamin Rottenborn