## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| ANTHONY SMITH,<br><br>              Plaintiff,<br><br>v.<br><br>CENTRA HEALTH, INC. et al.,<br><br>              Defendants. | Case No.: 6:23-cv-00030-NKM |

### DEFENDANT WESLEY THOMAS GILLESPIE'S
### ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Wesley Thomas Gillespie, by counsel, hereby responds to the allegations set forth against him in Plaintiff's Complaint ("Complaint"), stating in response to the numbered paragraphs therein as follows:

### Answer

NATURE OF THE CASE

1.      Defendant denies the allegations in paragraph 1 of the Complaint.

JURISDICTION AND VENUE

2.      Paragraph 2 of the Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, Defendant admits that this Court has subject matter jurisdiction over federal claims asserted against him.

3.      Paragraph 3 of the Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, Defendant admits that whether to exercise supplemental jurisdiction over the state law claims asserted in this matter is within the discretion of the Court.

4.      Paragraph 4 of the Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, Defendant admits that this Court is a proper venue in this matter.

PARTIES

5.      Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 5 of the Complaint.

6.      Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 6 of the Complaint.

7.      Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 7 of the Complaint.

8.      Defendant admits the allegations in paragraph 8 of the Complaint.

FACTS COMMON TO ALL COUNTS

9.      Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 9 of the Complaint.

10.      Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 10 of the Complaint.

11.      Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 11 of the Complaint.

12.      Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 12 of the Complaint.

13.      Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 13 of the Complaint.

14.      Defendant lacks sufficient information or knowledge to admit or deny the

allegations in paragraph 14 of the Complaint.

15.    Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 14 of the Complaint regarding the cause of any delirium or whether or to what extent Plaintiff was disconnected from reality. Defendant admits that Plaintiff was not in his hospital bed when he encountered Plaintiff and that Plaintiff was in "other areas of the hospital."

16.    Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 16 of the Complaint, specifically related to whether or not the Plaintiff was bandaged. Defendant recalls the Plaintiff being dressed in a hospital gown.

17.    Defendant denies the allegations in paragraph 17 of the Complaint.

18.    Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 18 of the Complaint.

19.    Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 19 of the Complaint.

20.    Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 20 of the Complaint.

21.    Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 21 of the Complaint.

22.    Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 22 of the Complaint.

23.    Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 23 of the Complaint as it relates to any treatment allegedly required by the Plaintiff. Defendant denies any injuries sustained were due to alleged assault and battery by the Defendant.

24.     Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 24 of the Complaint as it relates to any alleged disfigurement. Defendant denies any injuries or disfigurement sustained were due to alleged assault and battery by the Defendant.

25.     Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 25 of the Complaint.

26.     Defendant denies the allegations in paragraph 26 of the Complaint.

27.     Defendant denies the allegations in paragraph 27 of the Complaint.

28.     Defendant denies the allegations in paragraph 28 of the Complaint, with the exception that he admits that Plaintiff was restrained.

29.     Defendant denies the allegations in paragraph 29 of the Complaint.

30.     Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 30 of the Complaint.

31.     Paragraph 31 of the Complaint asserts a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant admits he was acting within the scope of his employment on February 24, 2018, and denies the allegation that he injured Plaintiff on that date.

32.     Defendant denies the allegation in paragraph 32 of the Complaint.

33.     Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 33 of the Complaint, but denies that he used "unconstitutional policies or customs."

34.     Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 34 of the Complaint.

4

35.     Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 35 of the Complaint.

36.     Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 36 of the Complaint.

37.     Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 37 of the Complaint.

38.     Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 38 of the Complaint.

39.     Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 39 of the Complaint.

40.     Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 40 of the Complaint.

41.     Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 41 of the Complaint.

42.     Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 42 of the Complaint.

43.     Defendant denies the allegations in paragraph 43 of the Complaint.

44.     Defendant denies the allegations in paragraph 44 of the Complaint.

<div align="center">FIRST CAUSE OF ACTION<br>
<em>Monell</em> Claim Against Centra Health, Inc.—Unconstitutional Policies or Customs that Directly Caused Harm to Plaintiff Smith</div>

45.     Defendant incorporates by reference his prior responses, as if set forth in full herein.

46.     The allegations in paragraph 46 of the Complaint are not directed at this Defendant and no response is required. To the extent a response is required, Defendant lacks sufficient

information or knowledge to admit or deny the allegations in paragraph 46 of the Complaint.

47.     The allegations in paragraph 47 of the Complaint are not directed at this Defendant and no response is required. To the extent a response is required, Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 47 of the Complaint.

48.      The allegations in paragraph 48 of the Complaint are not directed at this Defendant and no response is required. To the extent a response is required, Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 48 of the Complaint.

49.     The allegations in paragraph 49 of the Complaint are not directed at this Defendant and no response is required. To the extent a response is required, Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 49 of the Complaint.

50.     Defendant denies the allegations in paragraph 50 of the Complaint.

51.     The allegations in paragraph 51 of the Complaint are not directed at this Defendant and no response is required. To the extent a response is required, Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 51 of the Complaint.

<div align="center">SECOND CAUSE OF ACTION</div>
<div align="center">_Monell_ Claim Against Defendant Centra Health, Inc.—Deliberately Indifferent Failure to Train its Security Guards in the Constitutional Limits of their Authority</div>

52.     Defendant incorporates by reference his prior responses, as if set forth in full herein.

53.     The allegations in paragraph 53 of the Complaint are not directed at this Defendant and no response is required. To the extent a response is required, Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 53 of the Complaint.

54.     Paragraph 54 of the Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in paragraph 54 of the complaint.

55.     Paragraph 55 of the Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in paragraph 55 of the complaint.

56.     Paragraph 56 of the Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in paragraph 56 of the complaint.

57.     The allegations in paragraph 57 of the Complaint are not directed at this Defendant and no response is required. To the extent a response is required, Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 57 of the Complaint.

58.     The allegations in paragraph 61 of the Complaint are not directed at this Defendant and no response is required. To the extent a response is required, Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 61 of the Complaint.

59.     The allegations in paragraph 59 of the Complaint are not directed at this Defendant and no response is required. To the extent a response is required, Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 59 of the Complaint.

### THIRD CAUSE OF ACTION
*Monell* Claim Against Defendant Centra Health, Inc.—Deliberately Indifferent Failure to Discipline its Security Guards in the Constitutional Limits of their Authority

60.     Defendant incorporates by reference his prior responses, as if set forth in full herein.

61.     The allegations in paragraph 61 of the Complaint are not directed at this Defendant and no response is required. To the extent a response is required, Defendant denies that he used unconstitutional use of force.

62.     The allegations in paragraph 62 of the Complaint are not directed at this Defendant and no response is required. To the extent a response is required, Defendant lacks sufficient

information or knowledge to admit or deny the allegations in paragraph 62 of the Complaint.

63.     The allegations in paragraph 63 of the Complaint are not directed at this Defendant and no response is required. To the extent a response is required, Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 63 of the Complaint.

64.     The allegations in paragraph 64 of the Complaint are not directed at this Defendant and no response is required. To the extent a response is required, Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 64 of the Complaint.

65.     Paragraph 65 of the Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in paragraph 65 of the complaint.

66.     Paragraph 66 of the Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in paragraph 66 of the complaint.

67.     Paragraph 67 of the Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in paragraph 67 of the complaint.

<div align="center">

FOURTH CAUSE OF ACTION
*Monell* Claim Against Defendant Centra Health, Inc.— Ratification

</div>

68.     Defendant incorporates by reference his prior responses, as if set forth in full herein.

69.     The allegations in paragraph 69 of the Complaint are not directed at this Defendant and no response is required. To the extent a response is required, Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 69 of the Complaint.

70.     The allegations in paragraph 70 of the Complaint are not directed at this Defendant and no response is required. To the extent a response is required, Defendant lacks sufficient

information or knowledge to admit or deny the allegations in paragraph 70 of the Complaint.

71.     The allegations in paragraph 71 of the Complaint are not directed at this Defendant and no response is required. To the extent a response is required, Defendant To the extent a response is required, Defendant denies that he used unconstitutional use of force.

72.     Paragraph 72 of the Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in paragraph 72 of the complaint.

<div align="center">

FIFTH CAUSE OF ACTION
Excessive Force by Defendants Christopher Paul Jones in Violation of the Fourth and Fourteenth Amendments to the United States Constitution

</div>

73.     Defendant incorporates by reference his prior responses as if set forth in full herein.

74.     Paragraph 74 of the Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in paragraph 74 of the Complaint to the extent inconsistent with the language, jurisprudence and precedent regarding the Fourth and Fourteenth Amendments to the United States Constitution.

75.     The allegations in paragraph 75 of the Complaint are not directed at this Defendant and no response is required. To the extent a response is required, Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 70 of the Complaint.

76.     Paragraph 76 of the Complaint simply purports to quote *Estate of Armstrong*, and no response is required. To the extent a response is deemed required, Defendant denies the allegations in paragraph 76 of the Complaint to the extent inconsistent with *Estate of Armstrong*.

77.     Defendant denies the allegations in paragraph 77 of the Complaint.

## SIXTH CAUSE OF ACTION
### Common Law Assault and Battery Against Defendants Centra Health, Inc., Christopher Paul Jones

78.     Defendant incorporates by reference his prior responses as if set forth in full herein.

79.     The allegations in paragraph 79 of the Complaint are not directed at this Defendant and no response is required. To the extent a response is required, Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 70 of the Complaint.

80.     The allegations in paragraph 80 of the Complaint are not directed at this Defendant and no response is required. To the extent a response is required, Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 80 of the Complaint.

81.     The allegations in paragraph 81 of the Complaint are not directed at this Defendant and no response is required. To the extent a response is required, Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 81 of the Complaint.

82.     The allegations in paragraph 82 of the Complaint are not directed at this Defendant and no response is required. To the extent a response is required, Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 82 of the Complaint.

83.     The allegations in paragraph 83 of the Complaint are not directed at this Defendant and no response is required. To the extent a response is required, Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 82 of the Complaint.

84.     Defendant lacks sufficient information or knowledge to admit or deny the allegations related to Plaintiff's injuries set forth in paragraph 84 of the Complaint, but denies that he caused in whole or in part any of the damages sought by Plaintiff in this matter.

85.     The allegations in paragraph 85 of the Complaint are not directed at this Defendant and no response is required. To the extent a response is required, Defendant but denies that he

caused in whole or in part any of the damages sought by Plaintiff in this matter.

<div align="center">SEVENTH CAUSE OF ACTION<br>False Imprisonment</div>

86.     Defendant incorporates by reference his prior responses as if set forth in full herein.

87.     Defendant admits the Count 7 of the Complaint purports to assert a common law claim for false imprisonment.

88.     Defendant denies the allegations in paragraph 88 of the Complaint with the exception that he admits Plaintiff was restrained.

89.     Defendant denies the allegations in paragraph 89 of the Complaint with the exception that Defendant questioned the Plaintiff surrounding the events alleged in his Complaint.

90.     Defendant denies the allegations in paragraph 90 of the Complaint.

91.     Defendant lacks sufficient information or knowledge to admit or deny the allegation in paragraph 91 of the Complaint, but denies that he caused, in whole or in part, any of the damages sought by Plaintiff in this matter.

<div align="center">EIGHTH CAUSE OF ACTION<br>Negligence- Medical Malpractice by Defendant Centra Health, Inc.</div>

92.     Defendant incorporates by reference his prior responses as if set forth in full herein.

93.     The allegations in paragraph 93 of the Complaint are not directed at this Defendant and no response is required. To the extent a response is required, Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 93 of the Complaint.

94.     The allegations in paragraph 94 of the Complaint are not directed at this Defendant and no response is required. To the extent a response is required, Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 94 of the Complaint.

95.     Paragraph 95 of the Complaint states legal conclusions to which no response is

required. To the extent a response is deemed required, Defendant denies the allegations in paragraph 95 of the Complaint.

96.     Paragraph 95 of the Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in paragraph 96 of the Complaint.

97.     Paragraph 97 of the complaint states legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in paragraph 97 of the Complaint.

98.     Defendant denies the allegations in paragraph 98 of the Complaint.

<u>NINTH CAUSE OF ACTION</u>
<u>Negligence- by Defendants Centra Health, Inc., and Christopher Paul Jones</u>

99.     Defendant incorporates by reference his prior responses as if set forth in full herein.

100.     The allegations in paragraph 100 of the Complaint are not directed at this Defendant and no response is required. To the extent a response is required, Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 100 of the Complaint.

101.     The allegations in paragraph 101 of the Complaint are not directed at this Defendant and no response is required. To the extent a response is required, Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 101 of the Complaint.

102.     The allegations in paragraph 102 of the Complaint are not directed at this Defendant and no response is required. To the extent a response is required, Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 102 of the Complaint.

103.     The allegations in paragraph 103 of the Complaint are not directed at this Defendant and no response is required. To the extent a response is required, Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 103 of the Complaint.

104.    The allegations in paragraph 104 of the Complaint are not directed at this Defendant and no response is required. To the extent a response is required, Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 104 of the Complaint.

105.    The allegations in paragraph 105 of the Complaint are not directed at this Defendant and no response is required. To the extent a response is required, Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 105 of the Complaint.

106.    The allegations in paragraph 106 of the Complaint are not directed at this Defendant and no response is required. To the extent a response is required, Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 106 of the Complaint.

107.    Defendant hereby denies any factual allegation not expressly admitted or addressed above.

<div align="center">PRAYER FOR RELIEF</div>

Defendant denies any allegations contained in the Prayer for Relief and its subparts.

<div align="center">**<u>Affirmative and Other Defenses</u>**</div>

Defendant incorporates all of his responses above by reference, as if set forth in full herein.

Defendant further states that he intends or may rely upon the following affirmative or other defenses, but in doing so undertakes the burden of proof only as to those defenses deemed affirmative by law:

1.    Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.    To the extent the Court or fact finder identifies a Constitutional violation by Defendant, he is nonetheless entitled to qualified immunity.

3.    At all relevant times, Defendant's actions were reasonable and legally justified.

4.      Defendant's acts or omissions did not cause the damages alleged by Plaintiff, and Defendant further states that it was Plaintiff's acts or omissions that caused him to sustain the damages alleged, if any.

5.      At all relevant times, Defendant's actions were reasonable, appropriate, and justified by the circumstances created by Plaintiff.

6.      Defendant's actions were reasonable, appropriate, and justified by his right to self-defense.

7.      Defendant's actions were reasonable, appropriate, and justified by his obligation to defend the life and safety of others.

8.      Defendant's actions were reasonable, appropriate, and justified by his obligation to defend the property of others placed within his care.

9.      Defendant asserts the affirmative defense of illegality and states that Plaintiff voluntarily participated in one or more illegal and/or immoral acts, which caused or contributed to cause, and was a proximate cause of, his claimed damages in this case. Plaintiff's claims against Defendant, and any recovery therefor, are barred by this affirmative defense. Defendant states that Plaintiff, with the requisite intent and culpability, and in contravention of state and federal law, including the laws of the Commonwealth of Virginia and the laws of the United States, acted in illegal and/or immoral ways, including but not limited to the following: Plaintiff pulled a fire alarm on the surgical floor of the hospital, ran into a stairwell carrying an IV pole, and climbed to the sixth floor. Upon information and belief, Plaintiff was found standing with his back against the door, swinging the IV pole, damaging doors and sprinkler valves, and verbally and physically threatening hospital staff. Plaintiff threated to hit anyone who came near him with the IV pole while jamming the IV pole into the fire pump shut-off valve and breaking and

14

removing internal parts from the valve. In sum, Plaintiff endangered the health, safety and welfare of hospital staff and patients, all of which caused or contributed to cause, and was a proximate cause of, his claimed damages in this case.

10.     For the same reasons set forth in Defense 9, directly above, Plaintiff was contributorily negligent in the cause of any injuries sustained or damages sought in this matter, and his claims are, therefore, barred.

11.     For the same reasons set forth in Defense 9, above, Plaintiff assumed the risk of his behavior, which was the cause of any injuries sustained or damages sought in this matter, and his claims are, therefore, barred.

12.     For the same reasons set forth in Defense 9, above, Plaintiff's actions were a superseding, intervening cause of any injuries sustained or damages sought in this matter, and his claims are, therefore, barred.

13.     Plaintiff's claims are barred in whole or in part by his failure to mitigate damages.

14.     Plaintiff's claims are barred by the doctrine of res judicata.

15.     Defendant denies that he owes Plaintiff the amount sought in the Complaint, or any amount and in any event whatsoever.

16.     Defendant reserves the right to amend or supplement these defenses as facts are developed in discovery and up to and including during trial.

**Defendant requests a jury trial on all issues so triable.**

WHEREFORE, the complaint having been fully answered and defended, Defendant Wesley Thomas Gillespie respectfully requests that the Court enter judgment in his favor, and, pursuant to 42 U.S.C. § 1988, award him his fees and costs incurred herein, and any further relief this Court deems just and equitable.

Dated: October 12, 2023

Respectfully Submitted,

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP


*/s/Haley B. Mathis*
Matthew W. Lee, VSB No. 40067
Haley B. Mathis, VSB No. 97970
8444 Westpark Drive, Suite 510
McLean, Virginia  22102
703.245.9300
703.245.9301 (Facsimile)
Matthew.Lee@wilsonelser.com
Haley.Mathis@wilsonelser.com
*Counsel for Wesley Thomas Gillespie*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this 12th day of October 2023,  I will electronically file the

foregoing with the Clerk of Court using the CM/ECF system, which will then send notification

of such filing to all counsel of record.

<div style="margin-left:40%">

*/s/Haley B. Mathis*
Haley B. Mathis, VSB No. 97970
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP
8444 Westpark Drive, Suite 510
McLean, Virginia  22102
703.245.9300
703.245.9301 (Facsimile)
Haley.Mathis@wilsonelser.com
*Counsel for Wesley Thomas Gillespie*

</div>