CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

4/15/2024
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| **ANTHONY SMITH,** ) | |
| ) | |
| **Plaintiff,** ) | Civil Action No.: 6:23cv30 |
| ) | |
| **v.** ) | |
| ) | |
| **CENTRA HEALTH, INC. et al.,** ) | By: Hon. C. Kailani Memmer |
| ) | United States Magistrate Judge |
| **Defendants.** ) | |

## MEDIATION ORDER

This case has been referred to the Magistrate Judge for mediation. To facilitate the just and expeditious resolution of this case, it is **ORDERED** as follows:

1. All parties and their lead counsel are required to appear at the mediation scheduled to begin at **10:00 a.m., on July 9, 2024, in Roanoke, Virginia, and ending at 2:00 p.m.**, for the purpose of conducting discussions, in good faith, towards a compromise resolution of this case. *Other court proceedings will be scheduled beginning at 2:00 p.m., so the parties need to be prepared to conclude their negotiations during the time scheduled. The mediation may continue past 2:00 p.m. as the court's schedule allows, so parties are not to make travel arrangements or schedule return flights earlier than 6:00 p.m.*

2. At the mediation, the parties should be prepared to provide a brief presentation outlining the factual and legal highlights of the case. The parties and the Magistrate Judge will determine if this will be helpful to the mediation process. Following a brief opening session, the parties will have separate confidential caucuses with the Magistrate Judge.

3. Each party must bring to the mediation a person who is knowledgeable about the facts of the case and who has final authority up to the highest amount of the party's evaluation of

the case value, to be employed at that person's discretion, to resolve all facets of the case without having to seek or obtain additional authority from persons not in attendance.[1] If the mediation is conducted in person, no party or party representative may appear at the mediation via telephone or video without first obtaining court approval. If the mediation is conducted by video or partially by video, all video participants must appear on screen.[2] If there are issues involving medical or other liens, a representative with authority for the lien holder shall attend and participate in the mediation. If a lien holder representative is to attend the mediation, counsel for the party with the lien shall notify all counsel and the Magistrate Judge approximately thirty (30) days in advance of the mediation.

4. The parties and representatives attending or participating in the mediation are required to negotiate in good faith.

5. Prior to the mediation, the parties should make good faith efforts to negotiate and settle the case. Specific proposals and counter proposals beyond the initial offer and demand should be exchanged. This exchange shall include drafts of any proposed agreement outlining the resolution of the matter so that the parties may discuss the terms of the proposed agreement and identify those terms which are agreeable and those terms which are not agreeable to any party.

---

[1] If final authority to settle is vested only in a governing board, claims committee, or equivalent body and cannot be delegated to a representative, an entity must disclose (in writing or electronically) this fact to all other parties and the Magistrate Judge at least fourteen (14) days before the mediation will occur. The required disclosure must identify the board, claims committee, or equivalent body in whom final settlement authority is vested. In this instance, the party must bring to the mediation the person (in addition to counsel of record) who has, to the greatest extent feasible, authority to recommend a settlement, and who is knowledgeable about the facts of the case, the entity's position, and the procedures and policies under which the entity decides whether to accept proposed settlements.

[2] All participants must confirm prior to the mediation that they have the visual and auditory capabilities necessary to participate in the mediation.

6.  The mediation is **CONFIDENTIAL** and no communication, conversation, negotiation, or document exchanged as part of the mediation or ongoing negotiations may be used by the parties for any purpose other than settlement. The parties are not permitted to record the mediation by any means, including any type of audio/visual recording.

7.  The parties are advised that during the course of the mediation, it is expected and understood that the Magistrate Judge will provide legal information and evaluation to aid the parties in making informed decisions.  Such legal information and evaluation includes, for example, assessing the strength and weaknesses of factual and legal positions, the value and costs of alternatives to settlement, and any barriers to settlement.  By participating in a mediation with the Magistrate Judge, the parties are deemed to have requested and consented to such an evaluative approach.  Should a party not be interested in an evaluative approach, they should so advise the Magistrate Judge.  In that case, the mediation will be cancelled, and the parties may avail themselves of private mediation.

8.  The parties are further advised that (i) the Magistrate Judge does not provide legal advice; (ii) any agreement reached at the mediation may affect the legal rights of the parties; (iii) each party has the opportunity to consult with independent legal counsel at any time and is encouraged to do so; and (iv) each party should have any draft agreement reviewed by independent counsel prior to signing the agreement.

9.  Counsel for the parties shall schedule a conference call with the Magistrate Judge approximately thirty (30) days in advance of the mediation to discuss the issues in the case, the mediation process, and any unusual circumstances or questions.  Such initial communications should involve all parties.  Thereafter, the parties may raise confidential or strategic considerations with the Magistrate Judge on a separate and confidential basis.

10. **The parties shall submit a brief statement as to their factual and legal positions on or before July 2, 2024.** The parties may submit this statement in either memorandum or letter form. The parties are required to exchange statements so that the opposing side may have a complete understanding of each side's position. The statements should address relevant factual issues, legal position, and the history of any demands or offers in the case. The statement must identify the persons who will be present at the mediation, their positions, and the basis for their authority to resolve the case. Finally, the statement shall include an affirmative representation that the persons attending the mediation will meet the authority requirement of paragraph 3 of this Order. **This statement should not be electronically filed but is to be emailed to [memmer.ecf@vawd.uscourts.gov](mailto:memmer.ecf@vawd.uscourts.gov).** The statement shall be sent in PDF format and scanned using Optical Character Recognition ("OCR"). The parties may also submit a separate statement to the Magistrate Judge relating confidential or strategic issues affecting resolution of the case.

11. Submissions to the court in preparation for mediation should total no more than **fifty (50) pages** combined, including exhibits.

12. If the case is resolved at the mediation, the parties will be required to execute a written agreement resolving the case that day. Therefore, the parties shall bring an electronic version of the proposed agreement, in Word format, to the conference to facilitate preparation and execution of the agreement.

13. If a party appears at the mediation without having complied with the requirements of this Order or fails to negotiate in good faith at the mediation, the Magistrate Judge may continue or cancel the mediation, and may assess against the non-complying party, attorney, or

both, a monetary sanction, which may include the fees and expenses incurred by the other parties in preparing for and attending the mediation.

14. Counsel for all parties are required to provide a copy of this order to their clients and to discuss the contents thereof in advance of the mediation.

15. The requirements of this order may only be waived by the Magistrate Judge.

16. For additional guidance on mediation preparation, parties may refer to Exhibit A attached to this Order.

Entered: April 15, 2024

C. Kailani Memmer
United States Magistrate Judge