# MEDIATION PREPARATION

The party who is best prepared for mediation usually obtains the best result. Mediations can be held more efficiently if all parties and counsel are prepared. The following are some areas to consider in order to facilitate an effective and productive mediation.

A. **FORMAT**

1. Parties with ultimate settlement authority must be personally present.

2. The court will use a mediation format, and private caucusing with each side; the judge may address your client directly.

B. **ISSUES**

1. What issues (in and outside of this lawsuit) need to be resolved? What are the strengths and weaknesses of each issue? What is your most persuasive argument?

2. What remedies are available resulting from this litigation or otherwise?

3. Is there any ancillary litigation pending or planned which affects case value?

4. Do you have enough information to value the case? If not, how are you going to get more information before the mediation?

5. Do attorney's fees or other expenses affect settlement? Have you communicated this to the other side?

C. **AUTHORITY**

1. Are there outstanding liens? Have you verified amounts and whether they are negotiable? Has any lien holder compromised its lien or is a representative from the lien holder with authority scheduled to attend the mediation?

2. Is there valid insurance coverage? In what amount? If coverage is at issue, or the amount or type of insurance coverage affects settlement value, have you notified the other side? Do we need to include the representative from more than one company/carrier? If so, notify the court immediately with this information.

D. **NEGOTIATIONS**

1. Where have your last discussions ended? Are you sure?

2. Can you have any discussions before the mediation to make it proceed more efficiently?

3. What value do you want to start with? Why? Have you discussed this with your client?

4. What value do you want to end with? Why? Have you discussed this with your client? Is it significantly different from values you have placed on this case at other times?

5. Is there confidential information which affects case value? Why can't/won't/shouldn't it be disclosed? How can the other side be persuaded to change value if it does not have this information?

6. What happens if you do not settle the case at the mediation? What is your best alternative to a negotiated settlement? Why?

7. Do you have an agreed form of the settlement agreement? If not, what terms, i.e. confidentiality, are at issue?

E. **CLOSING**

1. If settlement is reached, do you want it on the record?

2. Have you discussed settlement formats with your client? Does the client understand structured settlements, annuities, Rule 68 offers to compromise?

3. How soon could checks/closing documents be received?

4. If settlement is not reached, and further discovery is needed, what is your plan for continued settlement discussions? Do you want court involvement in these talks?

5. If settlement is not reached, be prepared to discuss it again at the Final Pretrial Conference.